UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ANTHONY J. KLATCH, II,

    Petitioner,

v.                                                    Case No.: 8:17-cr-135-T-27JSS

UNITED STATES OF AMERICA,

    Respondent.
_____/

## ORDER

**BEFORE THE COURT** is Defendant Klatch's letter titled "Case No. 8:17-CR-00135-JDW / Compassion Release & Legal Counsel." (Dkt. 48). The letter is construed as a motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A) and Section 603 of the First Step Act. A response is unnecessary. The construed motion is **DENIED**.

In 2017, Klatch pleaded guilty to one count of wire fraud. (Dkts. 11, 13, 16, 20, 21, 22). He was sentenced to 115 months imprisonment "consecutive to any outstanding sentence." (Dkt. 33). Klatch seeks compassionate release, specifically for his sentence to be reduced to "time served," based on what he contends are ten "extraordinary and compelling" reasons. (Dkt. 48 at 2).[1] He further requests that counsel be appointed to present a "formal motion" to the Court. (Id.

---

[1] Section 3582(c)(1)(A) provides that a court may modify a term of imprisonment if it finds

    (i)    extraordinary and compelling reasons warrant such a reduction; or

    (ii)   the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c), for the offense or offenses for which the defendant is currently imprisoned, and a determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger

1

at 7).

However, there is no statutory authority to reduce Klatch's sentence for the reasons he advances. The First Step Act amended § 3582(c)(1)(A) to permit a defendant to seek compassionate release after fully exhausting administrative remedies within the Bureau of Prisons. *See* First Step Act of 2018, § 603(b).[2] While this provision provides for a sentence reduction based

---

> to the safety of any other person or the community, as provided under section 3142(g);
>
> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission . . . .

Klatch's purported extraordinary and compelling reasons are:

1. His mother's muscular dystrophy. He further asserts she is need of a primary caregiver.
2. His father's prostate cancer. He further asserts his father requires someone to drive him to a hospital for treatment.
3. A prison outbreak of Noravirus, which infected him. He contends this rises to a violation of the Eighth Amendment.
4. The suspension of visitation rights for prisoners.
5. Denial of his access to psychotherapy and medication.
6. Actual innocence of the crime of conviction.
7. The disparity in sentences he received in the Southern and Middle Districts of Florida and the improper imposition of enhancements in the Middle District sentence.
8. Statements relating to Klatch's mental illness made by the judge during the sentencing in the Southern District of Florida.
9. Inadequate job training at the Bureau of Prisons.
10. His plan should his motion be granted, which includes living with his mother, receiving treatment for his mental illness, applying for Social Security benefits, continuing writing projects, pursuing education, and eventually returning to work.

(Dkt. 48 at 2-7). Elsewhere in his motion, he claims that he has received "an absurd, wrongful, unreasonable, sentence" and that "[t]here is some personal bias against [him] in Tampa." (Id. at 1).

Several of these issues were raised in Klatch's § 2255 motion, such as claims of disparity between his sentences, actual innocence, bias, the improper imposition of enhancements, and the unreasonableness of his sentence. *See* (18-cv-778-T-27JSS). The claims were denied. He cites no authority finding that such contentions constitute extraordinary and compelling circumstances warranting compassionate release.

[2] Klatch petitioned the warden for compassionate release, although he did not address all the purported extraordinary and compelling reasons he now raises. (Dkt. 48 at 17-18). The warden denied his request, noting that

> [t]hrough programs within the Bureau of Prisons, inmates are monitored and enrolled into various programs within Psychology Services designed to help inmates. Through placement at this facility, you have demonstrated an ability to manage and live within a

on "extraordinary and compelling circumstances," the reduction must still be "consistent with applicable policy statements issued by the [United States] Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A). What constitutes "extraordinary and compelling circumstances" is not defined, except that "[r]ehabilitation of the defendant alone" is insufficient. *See* 28 U.S.C. § 994(t).

The Sentencing Commission promulgated its policy statement in U.S.S.G. § 1B1.13. The application notes to § 1B1.13 list four circumstances as extraordinary and compelling under § 3582(c)(1)(A): (A) a serious medical condition; (B) advanced age and deteriorating health; (C) family circumstances; and (D) an extraordinary and compelling reason other than, or in combination with, (A)-(C), as determined by the Director of the Bureau of Prisons. § 1B1.13, cmt. n.1.

Although Klatch relies on the denial of his access to psychotherapy and medicine for his asserted addiction to trading, his assertions do not establish that he is "suffering from a serious physical or medical condition" or "serious functional or cognitive impairment" that "substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." U.S.S.G. § 1B1.13, cmt. n.1(A)(ii). Nor does he provide any medical documentation in support of his assertions. Accordingly, his purported medical condition is not a basis to grant his request. *See United States v. Heromin*, No. 8:11-CR-550-T-33SPF, 2019 WL 2411311, at *1-2 (M.D. Fla. June 7, 2019) (noting that defendants cannot "self-diagnose their own medical conditions" and denying compassionate

---

> general population setting. Finally, you indicate the deteriorating physical condition of your mother; however, through your own admission, she is able to travel on her own to visit you on a regular basis, thus demonstrating although helpful, the need of a full-time caregiver is not necessary at this time.

(Id. at 19).

release due to absence of corroboration from medical provider that defendant is unable to provide self-care or suffers a serious medical condition); *see also United States v. Dowlings*, No. CR413-171, 2019 WL 4803280, at *1 (S.D. Ga. Sept. 30, 2019) (denying compassionate release where defendant asserted he was diagnosed with a brain tumor, but does "indicate that he is unable to care for himself while incarcerated").[3]

Klatch also contends that his mother's muscular dystrophy and father's prostate cancer warrant his compassionate release. The contention is without merit, since there has been no death or incapacitation of the caregiver for his minor children, and he is not the sole caregiver for his spouse. U.S.S.G. § 1B1.13 cmt. n.1(C).

In short, none of Klatch's asserted reasons are encompassed within the "extraordinary and compelling" circumstances in the policy statement of § 1B1.13, even if considered in combination with the criteria in the application notes. These reasons are not, therefore, consistent with the policy statement in § 1B1.13. Accordingly, because Klatch has not shown extraordinary and compelling reasons or any other basis to grant compassionate release, the Court is without authority to grant relief, and the motion for compassionate release and appointment of counsel is **DENIED**.

**DONE AND ORDERED** this 7th day of April, 2020.

*/s/ James D. Whittemore*

**JAMES D. WHITTEMORE**
**United States District Judge**

Copies to: Petitioner, Counsel of Record

---

[3] At Klatch's sentencing, a psychologist testified that she had diagnosed him with bipolar disorder, body dysmorphic disorder, and alcohol and cocaine use disorders. (Dkt. 45 at 30). She further testified that, while incarcerated, Klatch would require "intensive treatment and stabilization." (Id. at 38). None of her testimony, however, supports a finding of extraordinary and compelling circumstances to warrant compassionate release.