UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.                                                                              Case No.: 8:17-cr-135-T-27JSS

ANTHONY J. KLATCH, II

_____/

## ORDER

**BEFORE THE COURT** is Defendant Klatch's "Emergency Motion for Reduction of Sentence Under: 18 U.S.C. 3582(c) (First Step Act, Compassionate Release), Section 12003(b) (CARES Act, Home Confinement), and 18 U.S.C. 3553(a) (First Step Act, Sentencing Disparity)" (Dkt. 53). A response is unnecessary. The motion is **DENIED**.

This Court denied without prejudice Klatch's prior motions for compassionate release since he had not identified any extraordinary and compelling reasons to warrant release. (Dkts. 50, 52). In this third motion, he seeks "a modification of his sentence to time served or for a modification of his sentence to be finished on home confinement based on 'extraordinary and compelling reasons,' which are his medical conditions that put him at very high-risk should he contract COVID-19, and based on sentencing disparities, which are evident in this matter." (Dkt. 53 at 1). His contentions are without merit.

First, although Klatch asserts that relief is appropriate due to his medical conditions and the risk posed by COVID-19, the basis of his denied request to the Bureau of Prisons was the purported sentencing disparity, mental health issues, and his mother's deteriorating physical condition. (Dkt. 53-2 at 2; Dkt. 48 at 17). While he claims that he petitioned the warden to

1

reconsider the request and asked for release to home confinement, he does not provide supporting documentation. (Dkt. 53 at 12). Accordingly, he has not shown that he exhausted his administrative remedies as to the contentions he now raises. *See* 18 U.S.C. § 3582(c)(1)(A).[1]

In any event, Klatch fails to identify extraordinary and compelling reasons warranting compassionate release. He again fails to provide documentation to this Court supporting his asserted medical conditions or a finding that the conditions make him unable to provide self-care. (Dkt. 53 at 4-6). And while he argues that this Court has the discretion to determine whether he has presented an extraordinary and compelling reason independent of any determination by the United States Sentencing Commission or Bureau of Prisons, (Id. at 2-3), courts have rejected this contention. *See, e.g.*, *United States v. Willingham*, No. CR 113-010, 2019 WL 6733028, at *1-2 (S.D. Ga. Dec. 10, 2019). Even if true, this Court finds that Klatch has failed to assert an adequate basis to warrant compassionate release. Additionally, although he cites the sentencing factors in 18 U.S.C. § 3553, absent an extraordinary and compelling reason to warrant a reduction, this Court cannot reduce or modify his sentence. (Dkt. 53 at 5); 18 U.S.C. § 3582(c)(1). Further, Klatch's claims of a sentencing disparity and request for a resentencing were rejected in his § 2255 proceeding and do not entitle him to relief. (Dkt. 53 at 13-14); *see* Case No. 8:18-cv-778-T-27JSS.

Finally, Klatch requests that he be placed on home confinement under section 12003(b) of the CARES Act. (Dkt. 53 at 1, 10). However, section 12003(b)(2) pertains to the Bureau of Prisons' authority under 18 U.S.C. § 3624(c)(2) to place an inmate on home confinement. CARES

---

[1] *See United States v. Gray*, No. 2:01-00007, 2020 WL 2132948, at *6 (S.D. Ala. May 4, 2020) ("[Defendant] has not presented any evidence that she made a request to the Warden for compassionate release based on her asthma and fear of exposure to Covid 19. Since she has not complied with the statute, the Court lacks authority to consider her motion."); *see also United States v. Mollica*, No. 2:14-cr-329, 2020 WL 1914956, at *6 (N.D. Ala. Apr. 20, 2020); *United States v. Smith*, No. 8:17-cr-412-T-36AAS, 2020 WL 2512883, at *4 (M.D. Fla. May 15, 2020) (rejecting contention that exhaustion requirement can be waived).

Act, Pub. L. 116-136, Div. B, Title II, § 12003(b)(2). Indeed, the authority to place a prisoner on home confinement rests solely with the Bureau of Prisons. *See* 18 U.S.C. § 3624(c)(2); *United States v. Brown*, No. 3:10-cr-282-J-34JBT, 2020 WL 3051352, at *1 (M.D. Fla. June 8, 2020).

Accordingly, Klatch's assertions do not constitute an extraordinary and compelling reason to warrant compassionate release or entitle him to home confinement. The motion is therefore **DENIED without prejudice**.

**DONE AND ORDERED** this 15th day of July, 2020.

*/s/ James D. Whittemore*

**JAMES D. WHITTEMORE**
**United States District Judge**

Copies to: Defendant, Counsel of Record